NITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br><br>        Plaintiff,<br><br>  vs.<br><br>HARTFORD FIRE INSURANCE COMPANY, and DOES 1 through 100, inclusive,<br><br>        Defendants. | Case No: C 11-1789 SBA<br><br>**ORDER** |

On April 12, 2011, Fireman's Fund Insurance Company ("Fireman's Fund") commenced the instant diversity jurisdiction insurance coverage action in this Court against Hartford Fire Insurance Company ("Hartford"). Fireman's Fund seeks a determination that Hartford is obligated to provide a defense for their mutual insureds in connection with four construction defect actions pending in Hawaii state court. In addition, Fireman's Fund seeks "equitable contribution from Hartford for Hartford's share of all sums paid by Fireman's Fund" in connection with the underlying actions. Compl. at 13, Dkt. 1.

On September 19, 2011, the insureds, Simpson Manufacturing and Simpson Strong-Tie, along with their Hawaiian distributor, Honolulu Wood Treating LLC (collectively "Intervenors"), filed a Complaint in Intervention which seeks a determination that Harford has a duty to defend in the underlying actions. Dkt. 26.

On November 3, 2011, Hartford filed a Cross-Complaint for Declaratory Relief against Fireman's Fund seeking a declaration that Fireman's Fund has a duty to defend and

indemnify Intervenors in connection with the underlying construction defect actions, pursuant to three Hartford policies. Dkt. 40.[1]

The parties are presently before the Court on Intervenors' Motion to Stay Proceedings. Dkt. 59. In their motion, Intervenors contend that the present declaratory relief action should be stayed pending resolution of the four underlying state court actions. Relying principally on Montrose Chemical Corporation of California. v. Superior Court, 6 Cal.4th 287 (1993), Intervenors contend that the factual determinations necessary to resolve the pertinent coverage issues are effectively identical to the issues that will be resolved in the underlying lawsuits. In their reply, however, Intervenors focus their attention on the argument that the absence of National Union, a third insurer, from this action precludes the Court's ability to assess the equitable allocation of defense costs between all insurers. Intervenors' Reply at 1, Dkt. 72. Intervenors assert:

> But any equitable allocation of defense costs among Simpsons' three insurers necessarily must include National Union. Similarly, any action that proceeds without National Union inevitably entails piecemeal and/or duplicative litigation and, consequently, an unacceptable risk of inconsistent adjudications to Simpson, the common policyholder. This in fact makes National Union an indispensable party to coverage litigation arising out of the underlying Ocean Pointe claims.

Id.

Intervenors' contention that National Union is an indispensable party was not specifically and distinctly set forth in their moving papers. As such, it is not properly before the Court. Zamani v. Carnes, 491 F.3d 990, 997 (9th Cir. 2007). Nonetheless, Intervenors' argument requires further exploration. "[A]n action in equity cannot be maintained without the joinder of indispensable parties." California v. Arizona, 440 U.S. 59, 62 (1979). To find that an absent party is "indispensable," the Court must first deem the party "*necessary*" under Federal Rule of Civil Procedure 19(a)(1). Schnabel v. Lui, 302 F.3d 1023, 1029 (9th Cir. 2002). "In determining whether a party is 'necessary' under Rule

---

[1] Also pending is Hartford's motion for partial summary judgment. Dkt. 47.

19(a), the court must consider whether 'complete relief' can be accorded among the existing parties, and whether the absent party has a 'legally protected interest' in the subject of the suit." Id. (quoting Rule 19(a)).  A motion to dismiss an action for failure to join an indispensable party may be brought under Federal Rule of Civil Procedure 12(b)(7).

At this juncture, the issue of whether National Union's absence from this action warrants a stay (or dismissal) has not been adequately briefed.  Therefore, the Court finds that as a matter of effective judicial administration, Intervenors may refile their motion to stay and include their argument that National Union is an indispensable party in their opening brief.  Such an approach will afford Fireman's Fund and Hartford a full and fair opportunity to address this particular issue in their respective opposition papers and the Court an opportunity to fully evaluate the issue in the context of the parties' respective positions.  Accordingly,

IT IS HEREBY ORDERED THAT:

1. Intervenors' motion to stay is DENIED without prejudice.  Intervenors may file a renewed motion, consistent with the above, within fourteen days of the date this Order is filed.  Hartford and Fireman's Fund's responses and Intervenors' reply shall be filed within fourteen and seven days of the date the renewed motion is filed, respectively.

2. Hartford's motion for partial summary judgment is DENIED without prejudice to renewal in the event the Court does not stay or otherwise terminate the action.

3. This Order terminates Docket 47 and 59.

IT IS SO ORDERED.

Dated:  September 28, 2012

*Saundra B Armstrong*
SAUNDRA BROWN ARMSTRONG
United States District Judge

- 3 -