UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| FIREMAN'S FUND INSURANCE COMPANY,<br><br>　　　　Plaintiff,<br><br>　　vs.<br><br>HARTFORD FIRE INSURANCE COMPANY,<br><br>　　　　Defendant. | Case No: C 11-1789 SBA<br><br>**ORDER DENYING RENEWED MOTION TO STAY PROCEEDINGS**<br><br>Docket 79 |
| SIMPSON MANUFACTURING COMPANY, INC., SIMPSON STRONG-TIE COMPANY, INC. and HONOLULU WOOD TREATING LLC,<br><br>　　　　Intervenors. | |

　　　Fireman's Fund Insurance Company ("Fireman's Fund") brings the instant declaratory relief insurance coverage action against Hartford Fire Insurance Company ("Hartford"). Fireman's Fund seeks a determination that Hartford is obligated to provide a defense for their mutual insureds[1] in connection with four construction defect actions pending in Hawaii state court, and equitable contribution from Hartford for its share of defense costs incurred in defending the underlying actions. See Compl., Dkt. 1. The parties are presently before the Court on the Intervenors' renewed motion to stay proceedings. Dkt. 79. Fireman's Fund and Hartford oppose the motion. Dkt. 84, 85. Having read and considered the papers filed in connection with this matter and being fully

---

[1] The mutual insureds are Simpson Manufacturing, Simpson Strong-Tie, and Honolulu Wood Treating LLC. The mutual insureds have filed a Complaint in Intervention, Dkt. 26, and are collectively referred to herein as "Intervenors."

informed, the Court hereby DENIES the Intervenors' renewed motion to stay proceedings without prejudice, for the reasons stated below. The Court, in its discretion, finds this matter suitable for resolution without oral argument. See Fed.R.Civ.P. 78(b); N.D. Cal. Civ. L.R. 7-1(b).

## I.   BACKGROUND

Simpson Manufacturing Company, Inc. and Simpson Strong-Tie, Inc. (collectively, ("Simpson") manufactured hurricane tie down straps that were ultimately installed by a variety of builders in a number of Hawaii residences, including the Ke Noho Kai Development. Compl. ¶¶ 15-16. Honolulu Wood Treating LLC ("HWT") allegedly sold the Simpson straps in at least some of those homes. Id. ¶ 17. Several plaintiffs allege that the straps were defective, and the defectiveness resulted in property damage between 1998 to the present. Id. ¶ 16. Four suits have been commenced in Hawaii state court based on the alleged property damage ("underlying actions").[2]

Simpson carried several insurance policies by three insurers during the relevant period. Intervenors' Mtn. at 3. Fireman's Fund insured Simpson from January 1, 1998 through January 1, 2004. Id. National Union, not a party to this suit, insured Simpson from January 1, 2004 through March 1, 2009. Id. Hartford insured Simpson from March 1, 2009 through March 1, 2012. Id. When the property damage suits arose, Hartford initially refused to participate in Simpson's defense. Id. at 6.

On April 12, 2011, Fireman's Fund commenced the instant action against Hartford seeking a declaration regarding Hartford's duty to defend Simpson and HWT (i.e., the Intervenors) in the underlying actions, and equitable contribution from Hartford for its share of defense costs incurred in defending the underlying actions. See Compl. On September 19, 2011, the Intervenors filed a Complaint in Intervention seeking a

---

[2] The four lawsuits are entitled Marvin Alvarez v. Haseko Homes, Inc., No. 1CC09-1-2697-11 (Haw. 1st Cir.), Charles v. Haseko Homes, Inc., No. 1CC09-1-1932-08 (Haw. 1st Cir.), North Am. Specialty Ins. Co. v. Simpson Strong Tie Co. Inc., No. 1CC09-1-1490-06 VSM (Haw. 1st Cir.), and Ke Noho Kai Development, LLC v. Simpson Strong-Tie Co., No. 09-1-1491-60 SSM (Haw. 1st Cir.). See Compl. ¶¶ 11-14.

determination that Hartford has a duty to defend the Intervenors in the underlying actions.[3] Dkt. 26.  On November 3, 2011, Hartford filed a Cross-Complaint for Declaratory Relief against Fireman's Fund seeking a declaration regarding its duty to defend the Intervenors in the underlying actions, and its duty to indemnify the Intervenors for Hartford's equitable share of any settlement amounts or amounts the Intervenors are found legally obligated to pay for damages in the underlying actions.  Dkt. 40.

On November 21, 2011, the Intervenors commenced an action in the Superior Court of California, County of San Francisco, against Fireman's Fund, National Union and Hartford, as well as Marsh USA, Inc., Simpson's insurance broker ("California Coverage Action").  See Dkt. 80, Exh. G.[4]  The Complaint in the California Coverage Action alleges four claims for relief, including a declaratory relief claim against Fireman's Fund, National Union, and Hartford seeking a declaration that the insurers have a duty to defend the Intervenors in the underlying actions and a duty to indemnify the Intervenors for loss suffered as a result of the underlying actions.  See id.  In that action, Fireman's Fund has filed a Cross-Complaint asserting the same claims against Hartford as Fireman's Fund has asserted against Hartford in this case.  Def.'s Opp. at 6 n. 4.

On September 28, 2012, the Court denied the Intervenors' motion to stay proceedings without prejudice for insufficient briefing, stating that the Intervenors may file a renewed motion to stay that adequately addresses whether the absence of National Union

---

[3] Intervenors also allege a breach of contract claim against Hartford. Dkt. 26.

[4] In connection with their renewed motion to stay proceedings, the Intervenors filed a request for judicial notice.  Dkt. 80.  The Intervenors request the Court take judicial notice of various court filings under Rule 201 of the Federal Rules of Evidence.  Id.  Neither Fireman's Fund nor Hartford opposes the request.  Because the court filings are matters of public record, the Court finds that they are suitable for judicial notice.  See Reyn's Pasta Bella, LLC v. Visa USA, Inc., 442 F.3d 741, 746 n. 6 (9th Cir. 2006).  Accordingly, the Intervenors' request for judicial notice is GRANTED.

from this action warrants a stay or dismissal.[5]  Dkt. 78.  The parties are now before the Court on the Intervenors' renewed motion to stay proceedings.  Dkt. 79.

## II. DISCUSSION

In this action, Fireman's Fund and Hartford both seek a declaration regarding Hartford's duty to defend the Intervenors in the underlying actions.  Fireman' Fund also seeks equitable contribution from Hartford for its share of defense costs incurred in defending the underlying actions, while Hartford seeks a declaration regarding its duty to indemnify the Intervenors for its equitable share of any settlement amounts or amounts the Intervenors are found legally obligated to pay for damages in the underlying actions.

With respect to the duty to defend, Hartford has conceded that it has a duty to defend the Intervenors in the underlying actions under one of the three insurance policies it issued to Simpson.[6]  Def.'s Opp. at 2.  With respect to equitable indemnification, the parties agree that a stay of the equitable indemnification issue is appropriate pending resolution of the underlying actions.  Id. at 1; Pl.'s Opp. at 2; see generally Intervenor's Mtn.  Thus, at this juncture, the remaining issue between Fireman's Fund and Hartford is whether Hartford's duty to defend the Intervenors in the underlying actions is owed under one or all three of the policies Hartford issued to Simpson.[7]  Def.'s Opp. at 5; Pl.'s Opp. at 1-2.  According to Hartford, the dispute regarding its duty to defend the Intervenors in the underlying actions has prevented it and Fireman's Fund from agreeing on a mutually acceptable allocation of defense costs.  Def.'s Opp. at 2.

In the instant motion, the Intervenors move to stay the proceedings on three grounds: (1) a stay is required under Montrose Chemical Corp. v. Superior Court, 6 Cal.4th 287

---

[5] While the parties disagree as to whether National Union is an indispensable party within the meaning of Rule 19, they agree that the joinder of National Union would not destroy diversity jurisdiction.

[6] It is undisputed that the Intervenors are currently being defended in the underlying actions by Fireman's Fund, Hartford, and National Union.  See Def.'s Opp. at 2, 5.

[7] Fireman's Fund asserts that the "sole aim" of the instant action is to "obtain a ruling as to Hartford's equitable share of the fees and costs of defending Simpson in the underlying actions."  Pl.'s Opp. at 12.

(1993) because there are overlapping issues of fact in the present action and the underlying actions; (2) a stay is appropriate under the abstention doctrine; and (3) National Union, a non-party to this action, is an indispensable party under Rule 19.  Intervenors' Mtn. at 1-3.  In response, Hartford states that, before the Intervenors filed their renewed motion to stay proceedings, it agreed to stipulate to dismiss this action if the Intervenors would stipulate to allow Hartford to file a motion for summary judgment in the California Coverage Action regarding its duty to defend.[8]  Def.'s Opp. at 6.  In reply, the Intervenors assert that to the extent Fireman's Fund and Hartford "wish to advance the argument . . . that the allocation of defense costs . . . is ripe for adjudication, they should advance that argument in the California Coverage Action, where all affected parties can be present and heard.  Only in this way can [the Intervenors] be assured that [they] will not be exposed to piecemeal adjudications and a risk of inconsistent and prejudicial results.  This point alone should be dispositive."  Intervenors' Reply at 2.

The Standing Orders of this Court require the parties to meet and confer prior to filing any motion.  That rule states:

> All parties shall meet and confer before filing any motion before the Court. The motion and any other non-stipulated request shall include a certification, which may be included in the body of the document, that the parties have complied with the meet and confer requirement. The Court may disregard any papers submitted that do not comply with this rule.

See Civil Standing Orders ¶ 5.

The purpose of the meet and confer requirement is to ensure that the particular relief requested in a motion, in fact, requires judicial intervention.  See Wong v. Astrue, 2008 WL 4167507, at *2 (N.D. Cal. 2008) (Armstrong, J.) ("The purpose of the [meet and confer] requirement is to encourage settlement, resolve disputes which need not involve the Court, and avoid unnecessary litigation, thus saving the parties', the Court's, and the taxpayers' limited time, money, and resources.").  Until such time as the parties have met and

---

[8] Hartford asserts that the judge in the California Coverage Action stated that he would entertain a motion for summary adjudication regarding Hartford's duty to defend if this Court stayed or dismissed the instant action.  Def.'s Opp. at 6 n. 4.  The Intervenors do not dispute Hartford's assertion.

1  conferred to discuss the issues, it is premature to conclude that there exists a dispute
2  necessitating the Court's intervention.  The meet and confer requirement is essential to
3  conserving the limited time and resources of the Court and the parties by obviating the
4  filing of unnecessary motions.
5      In this case, given the representations made by the Intervenors and Hartford, it
6  appears that the parties may have been able to resolve the issues giving rise to the instant
7  motion had they met and conferred in good faith prior to the filing of the motion.  While
8  Hartford's opposition suggests that there was some dialogue between Hartford and the
9  Intervenors prior to the filing of the Intervenors' renewed motion to stay proceedings, it is
10 unclear as to whether all the parties met and conferred before the motion was filed and
11 engaged in a meaningful dialogue to determine whether there is, in fact, a controversy - or
12 whether there is another mutually agreeable course of action that will address the
13 Intervenors' concerns without the need for motion practice.  Since the Intervenors have not
14 certified that they met and conferred with both Fireman's Fund and Hartford before filing
15 the instant motion as required by the Court's Standing Orders, the Court DENIES the
16 Intervenors' motion to stay proceedings without prejudice.  The Intervenors may renew
17 their motion after they have met and conferred with all the parties in a good faith effort to
18 resolve the matter without judicial intervention.

### III. CONCLUSION

For the reasons stated above, IT IS HEREBY ORDERED THAT:

1. Intervenors' renewed motion to stay proceedings is DENIED without prejudice to the renewal of the motion as set forth above.

2. This Order terminates Docket 79.

IT IS SO ORDERED.

Dated: September 30, 2013

_Saundra B. Armstrong_
SAUNDRA BROWN ARMSTRONG
United States District Judge